# Bullock et al. *versus* Gaffigan.

A. brought an action against four individual defendants, whom she alleged in her narr. to be trading as The Beaver Brook Coal Co., to recover damages for the death of her husband alleged to have been caused by certain defects in machinery operated by him as the servant of defendants.   On the trial it appeared that The Beaver Brook Coal Co. was a corporation whereof the various individual defendants were the officers, and in the employ of which plaintiff's husband had been at the time his death took place.   *Held*, that the evidence failed wholly to

[Bullock *v.* Gaffigan.]

establish the relation of master and servant between plaintiff's husband and the defendants, and that therefore the jury should have been instructed to render a verdict for the defendants.

April 10th 1882.  Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, and Green, JJ. Sterrett, J., absent.

Error to the Court of Common Pleas of *Luzerne county*: Of January Term 1880, No. 193.

Case, by Anna Gaffigan against "Charles M. Dodson, Abram S. Schropp, E. L. Bullock and ———— Stout, doing business under the firm name of The Beaver Brook Coal Company," to recover damages for the death of the plaintiff's husband John Gaffigan, caused as alleged by the negligence of the defendants.

The narr. averred that the deceased while employed as a laborer in The Beaver Brook Slope No. 2, in which slope the said defendants had taken upon themselves to mine coal, was killed by a car at the foot of the slope through the breaking of a defective link, clevis or swivel, whereby the said car became detached and rushed violently down said slope.

The following plea was filed :—

> " Gaffigan ·
>       *v.*
> The Beaver Brook Coal Co.
> " The Prothonotary will please enter plea of ' Not Guilty ' on part of the defendant in above case."

Indorsed :         " Gaffigan *v.* The Beaver Brook Coal Co."

When the case was called for trial, before Handley, J., and before the jury was sworn, the defendants moved to strike off the above plea, as not the plea of the defendants, and asked leave to file an affidavit and plea of "no partnership," and that the negligence complained of, if any, was that of a corporation entitled, &c., which was in exclusive possession of and working the mine where and when the accident happened, absque hoc, &c.  The motion was refused.

The plaintiff proved that on April 4th 1876, her husband John Gaffigan, while employed as a hitcher at the foot of said slope, was run over and killed, substantially in the manner set forth in the declaration.  The defendants, having put in evidence the charter of the Beaver Brook Coal Company, offered to show that said corporation was in exclusive possession of the mine, and was working the same ; and that there was no firm known as the Beaver Brook Coal Company.  Objected to ; objection sustained ; exception. (Assignments of error 10½, 11 and 12.)

The plaintiff presented, inter alia, the following points :—

[Bullock *v.* Gaffigan.]

1. That the defendants having omitted to comply with the plain provisions of the statutes under which they now claim to have been chartered and organized, the court will not, in this cause, recognize the corporation as a party.

Answer. We leave it to you to find from the evidence whether these defendants were at the time of the accident operating this mine as corporators, under the charter offered in evidence. If they were, then we cannot affirm this point. If, however, you find from the evidence, that at the time of the accident these defendants were operating this mine as partners then we cannot recognize the corporation as a party ; and if you find from the evidence that these defendants are partners, then we affirm this point. (19th assignment.)

2. That if the jury believe that E. L. Bullock was, at the time of the death of Gaffigan, and for years before, superintendent of all the collieries of the defendants, and that he had general control of the management of all these collieries, and power to direct and control all of the employees therein, he represented the defendants, and his neglect in this respect is the defendant's negligence.

Answer. This point we affirm. (20th assignment)

The defendants presented, inter alia, the following points :—

2. The action being against certain individuals, trading as a firm, and the colliery having been at the time of the accident leased, controlled and managed by the Beaver Brook Coal Company, a corporation duly incorporated, the latter only is liable, and the verdict in this case must be for the defendants.

Answer. This point we affirm ; but I leave it to you to say whether these defendants worked these mines as partners under the name of the " Beaver Brook Coal Company " or as a corporation, as stated in this point. If you find from the evidence and when this accident occurred these defendants were working this mine as partners, then I cannot affirm this point. (14th assignment.)

3. The colliery being worked by the company exclusively, and the deceased (Gaffigan), being in the employ of the company and not that of these defendants individually, the relation of master and servant did not exist between the said deceased and the defendants, and the plaintiff cannot recover.

Answer. This point we affirm, provided you find from the evidence that the mine was worked by this corporation company. If you find from the evidence that Gaffigan was in the employ of these defendants, that they were working these mines as partners, then we cannot affirm this point. (15th assignment.)

9. Under all the evidence in this case, the plaintiff is not entitled to recover as against any of the defendants.

[Bullock *v.* Gaffigan.]

Answer. This point we can neither affirm nor deny. (18th assignment.)

The judge charged the jury, inter alia, as follows :

" It may be conceded that John Gaffigan was in full life on the 4th day of April, A. D. 1876, and was engaged as a general hand, in the mines of these defendants." (21st assignment.)

" On the day of his death, Gaffigan was acting as a 'hitcher,' so called, in the mines of these defendants." (22d assignment.)

" Mr. Schropp, one of the defendants, when called, says that he is the secretary and treasurer of these defendants, and that Mr. Bullock is the general superintendant of these defendants, and admits that Gaffigan was in their employ. And that the rope in question was injured about two weeks before the accident." (24th assignment.)

Verdict and judgment for the plaintiff, for $3,500. The defendants took this writ of error, assigning for error, inter alia, the refusal of the court to permit them to strike off the plea filed in the name of the Beaver Brook Coal Company, and permit them to file plea of no partnership &c. ; the answers to the plaintiff's and defendants' points above given, and the portions of the charge above quoted.

*J. V. Darling* (*E. P. Darling* with him), for the plaintiffs in error.

*John Lynch*, for the defendant in error.—The motion of defendants, at the trial, to strike off the plea of not guilty, and file a plea of no partnership, was properly refused, under the rules of court of Luzerne county, which provide that " in all actions by or against partners it shall not be necessary, on the trial, to prove the partnership, but the same shall be taken to be admitted as alleged on the record unless one or more of the defendants shall, at or before the time of filing their plea, make an affidavit denying the existence of the partnership as alleged and stating to the best of his knowledge and belief whether there is any partnership in relation to the subject matter of the action, and who are the parties to it." Skidmore *v.* Bradford, 4 Barr 296.

The special pleas offered were pleas in abatement, and a plea in abatement must be filed before a plea in bar, and must be verified by affidavit : Commonwealth *v.* Wilson, 7 W. N. C. 62 ; Pittsburgh & Connellsville R. R. Co. *v.* Mt. Pleasant & Broad Ford R. R. Co., 26 P. F. S. 481 ; Rapp *v.* Elliot, 2 Dallas, 184.

In Yeatman *v.* Henderson, 1 Pittsburgh Reports 20, it is said : " A plea in bar cannot be withdrawn after the case

has been prepared for trial in order to file a plea in abatement."

No instance can be found where a court has permitted a plea in bar to be withdrawn when the cause is down for trial in order to permit a defendant to plead in abatement, nor is there any sufficient reason for the exercise of such a discretionary power if the court possessed it: Ins. Co. *v.* Michener, 4 W. N. C. 462; Ins. Co. *v.* Hartzell, 10 Harris 277; Beitler *v.* Study, 10 Barr 418.

The suit is brought against Dodson, Schropp, Bullock and Stout; and appearance was entered by counsel—declaration against all, plea of general issue for all, and all of the defendants except Dodson were present and took their chances on the merits of the cause on the trial. The judgment, therefore, against all of the defendants is valid: Osborne *v.* U. S. Bank. 9 Wheat. 738–830; Lynch *v.* Com., 16 S. & R. 369; 6 Johns. 34, 296; Bolard *v.* Mason, 16 P. F. S. 140; Zion *v.* St. Peter's, 5 W. & S. 215; Schober *v.* Mather, 13 Wr. 21; 1 Par. on Con. 117; Lycoming Ins. Co. *v.* Storrs, 10 W. N. C. 304; Evans *v.* Duncan, 4 W. 24; Christman *v.* Moran, 9 Barr 487; Bosler *v.* Poe, 13 S. & R. 231.

Mr. Justice Green delivered the opinion of the court, May 1st 1882.

The plaintiff in this case is the widow of John Gaffigan. The action is brought to recover damages for the death of the plaintiff's husband, who was run over by a detached coal car at the foot of a slope in a coal mine in Luzerne county. The defendants are certain individuals who are sued in their proper names, but charged as partners doing business as The Beaver Brook Coal Company. The right of recovery is based upon the theory that the deceased was a laborer in the employ of the defendants as master. The allegation of the plaintiff as to the cause of the injury is, that it was the result of a defect in the wire rope and its connections used in the moving of the coal cars up and down the slope of the mine. The technical liability of a master for defects in the apparatus provided for his workmen, is therefore the sole basis of the right of action. It will be perceived at once that the existence of the relation of master and servant is absolutely indispensable to the plaintiff's case. The absence of that relation is fatal to the action. On the part of the defendants it was claimed and proved that they were not, and never had been, partners doing business under the name of The Beaver Brook Coal Company. They also alleged and proved that The Beaver Brook Coal Company was a corporation, established by articles of associ-

ation dated August 15th 1870, and charter issued in pursuance thereof, and gave in evidence the articles and the charter. They also proved that E. L. Bullock, one of the defendants, was the superintendent of collieries in the employ of The Beaver Brook Coal Company, that Charles M. Dodson, another defendant, was the president of the company in 1876, when the accident occurred, that Abram S. Schropp, another defendant, was secretary and treasurer, and that Frank C. Stout, the remaining defendant, was a director of the company. They further proved that The Beaver Brook Coal Company was the lessee of the mine in question and was working it at the time of the accident. Abraham S. Schropp, one of the defendants, testified as follows:

"Q. What collieries has the company worked since that time, July 1870?

"A. The Beaver Brook Coal Company; that is situated about a mile from Audenried, Luzerne county; they have two slopes. I know nothing about this accident, except that it occurred in the colliery worked by that company."

It was also proved that The Beaver Brook Coal Company put up the breakers on the property in question and paid for them, was the owner of all the personal property on the premises, and that the same was purchased and put there about the time the company started, and has belonged to the company since 1870. The defendants further offered to prove the length of time the company had been in possession and working the mines, but for some unexplained reason were not permitted to do so. It was further proved that Mr. Schropp, the secretary, had opened books for the company in 1870 and kept them continuously up to the time of the trial, and that the company was in active existence on the 4th of April 1876, when the accident occurred. Against all this evidence the plaintiff gave no testimony whatever. The proof was entirely uncontradicted. More than this, the plaintiffs have counted only upon a liability of the defendant as partners. Yet she gave no evidence to prove that the defendants ever were partners in any business or under any name, or that they, either as partners or as individuals, were in actual possession and operation of the mine. It is almost unnecessary to add that no proof was given that the plaintiff's deceased husband was employed by the defendants either as individuals or partners, or that the relation of master and servant had any existence between them in any form or for any purpose. We have read over carefully the whole testimony in this cause, and are constrained to say there is not even a scintilla of evidence proving or tending to prove this essential, vital fact. On the contrary, the testimony given by the plaintiff, so far as it relates to this subject, strongly corroborates that of the defendants. Thus Daniel Gallagher, one of the plaintiff's wit-

[Fetterman *v.* Robbins.]

nesses, testified that E. L. Bullock was general superintendent there at that time, and had charge of everything and signed all the bills as superintendent. Thomas Davis testified, " The general superintendant of that company was a Mr. E. L. Bullock." Adam Weisburger said, " E. L. Bullock was the general superintendent there, Mr. Davis was the outside foreman there." T. D. Jones, another of plaintiff's witnesses, a mine inspector, says : " I did not notify the *officers of this corporation* before the accident." In this state of the testimony there is absolutely nothing upon which a right of recovery against these defendants can be based. The deceased never was the servant or employee of the defendants, so far as anything appearing on this record is concerned, and therefore no action can be sustained against them on the theory of the existence of that relation. Entertaining these views we sustain the assignments of error numbered $10\frac{1}{2}$, 11, 12, 14, 15, 18, 19, 20, 21, 22, 24, and upon these the case is reversed. The court should have directed the jury to return a verdict in favor of the defendants. It is unnecessary to consider the remaining assignments.

Judgment reversed.