### Cassone v. Alyea-Nichols Company.

*Actions—Parties—Pleadings—Plaintiff's statement—Striking off.*

1. Where a suit is brought against a defendant as attorney-in-fact for certain parties (naming them), the real and only defendant is the attorney-in-fact and not his principals.

2. The principals in such a suit are not in court and cannot question the proceedings or move to strike off the plaintiff's statement.

Motion to strike off plaintiff's statement. C. P. Lehigh Co., Oct. T., 1922, No. 1.

*J. H. Diefenderfer* and *Allen W. Hagenbuch,* for plaintiff.

*Butz & Rupp* and *Lincoln L. Eyre,* for subscribers at Belt Automobile Indemnity Association.

RENO, J., Dec. 18, 1922.—The præcipe for summons, the summons and plaintiff's statement name and describe defendant as "Alyea-Nichols Company, attorney-in-fact for the subscribers at (sic) the Belt Automobile Indemnity Association of El Paso, Ills." Manifestly, Alyea-Nichols Company is the real defendant and the words "attorney-in-fact for the subscribers at the Belt Automobile Indemnity Association of El Paso, Ills.," merely describe the capacity in which defendant is sued and the relation which defendant bears to "the subscribers at the Belt Automobile Indemnity Association of El Paso, Ills." We cannot believe that it was intended by that recital of capacity or relationship to bring either the subscribers or the Belt Automobile Indemnity Association upon the record as parties defendant. If it was so designed, the method employed frustrated the intent: Bullock v. Gaffigan, 100 Pa. 276.

The summons and statement were served, according to the sheriff's return, "on the Belt Automobile Indemnity Association by leaving" copies thereof "in the office of the Insurance Commissioner of the Commonwealth of Pennsyl-

3 D. & C.

vania with Samuel W. McCollouch, Deputy Insurance Commissioner, the lawful attorney, duly constituted by the said Belt Automobile Indemnity Association." There is no return of service upon Alyea-Nichols Company nor upon "the subscribers at the Belt Automobile Indemnity Association of El Paso, Ills." No appearance has been entered for Alyea-Nichols Company nor for the Belt Automobile Indemnity Association. Butz and Rupp, Esqs., and with them Lincoln L. Eyre, Esq., appear, per præcipe filed, for "the subscribers at the Belt Automobile Indemnity Association of El Paso, Ills.," and move to strike off plaintiff's statement. They do not represent that party who is, as we conceive it, the real and only defendant, and since the real defendant is not regularly in court by the service of process upon it, we must decline to consider the motion. Moreover, they represent parties who have not been named as defendants or served with process. Their appearance here is entirely voluntary, having not even leave to intervene as a basis for their action. It requires no citation of authority for the proposition that only a party to a controversy can question the pleadings.

Now, Dec. 18, 1922, motion to strike off plaintiff's statement is overruled.

From James L. Schaadt, Allentown, Pa.